## TURNER vs. COLLINS.

APPEAL from the court of the first district.

East'n District.
*June*, 1823.

TURNER
*vs.*
COLLINS.

PORTER, J. delivered the opinion of the court. The petitioner states that on the 12th of February, 1822, he placed in the hands of Francis Croft, one of the firm of Collins & Croft of Philadelphia, a complete set of Rees' Cyclopedia, for the purpose of having the same bound, and returned in a reasonable time, that they have failed to comply with their engagement, and that he is entitled in consequence of said failure, to recover the price which the said books cost him, with damages and costs.

The court of probates has not jurisdiction of a demand against a surviving partner for a partnership debt.

If books which were delivered to be bound are not returned, an attachment will lie for their value.

An attachment is prayed for against the property of Collins & Croft, and judgment against Collins, the surviving partner.

The attorney, appointed in the court below, pleaded several pleas in defence, which, in argument before this tribunal, have been reduced to the following points.

1st. That the plaintiff's cause of action, as set forth in his petition, will not warrant or authorise an attachment; as it is not alleged that the property of the plaintiff was either lost or so damaged by the defendant's neglect, as to

resolve the obligation of re-delivery, into speci-
fic or certain damages.

2d.    That the cause is exclusively of pro-
bate jurisdiction.

3d.    That the shipment of the books, and
the undertaking to have them bound and re-
delivered, were out of the course of the business,
in which Collins and Croft were engaged, and
as there is no proof that the books ever reached
Collins, he cannot in any manner be made re-
sponsible.

The 2d. point which supposes a want of ju-
risdiction is the first to be examined, for if found
correct, an inquiry into the others will be un-
necessary.

Repeated decisions of this court. grounded
on the provisions of the Civil Code; have set-
tled, that when an estate is vacant, or repre-
sented by heirs who have accepted with the
benefit of an inventory, the court of probates
has sole and exclusive jurisdiction of the liqui-
dation and settlement of all demands against
it, and that all persons who have claims must
present themselves there for payment.    If then
the demand were against Croft's estate, there
can be no doubt that the district court
could not take jurisdiction of the cause ; but

East'n District.
*June*, 1823.
TURNER
*vs.*
COLLINS.

the question here is, whether the exclusive juris-diction, which the court of probates exercises over the estates of deceased persons, prevents property belonging to their successors, which may be held in common with another, from being seized by attachment, on a suit against the joint owners?

We think it does not. The moment the partnership is dissolved by the death of one of the partners, the survivors and the heirs of the deceased become joint owners of the property belonging to the partnership, and the former have a right to a division. For this purpose, the court of probates has not exclusive jurisdic-tion; any of our district courts can rightfully take cognizance of a suit for that purpose. If this position be correct, and we see no reason to doubt it, it would seem to follow as a conse-quence, that a seizure made by a creditor, the effect of which, as to the succession of the de-ceased, is only to produce a partition of the property held in common, can be made under the authority of any of our courts, who have otherwise jurisdition of the person, and the amount claimed.

On the first point we are of opinion the claim of the petitioner fully authorises the writ of at-

tachment, if it be true, as he alleges, (and all the allegations in the petition for the purpose of this enquiry must be taken as true,) that he delivered his books to the defendant, and that the time is elapsed within which they were to be returned; the latter most assuredly owes damages for the non execution of his agreement, and a very proper criterion of these damages is the price which the property cost. *Civil Code*, 268, 42. If they were even delivered, without an express stipulation as to the time they were to be given back, but with a promise that they should, suit might be brought for a non compliance of this contract within a reasonable time, and what would, or would not be a reasonable time, appears to this court, a question to be investigated on the trial on tne merits, not on a motion to dissolve the attachment.

Neither can the enquiry suggested by the third point, be gone into at this stage of the proceedings. Whether the contract were binding or not, cannot be examined on a motion, the object of which is to ascertain whether the defendant be properly in court.

It is therefore ordered, adjudged and de-

creed, that the judgment of the district court be annulled, avoided and reversed, and that this case be remanded to the district court to be tried on its merits, and that the appellee pay the costs of this appeal.

*Preston* for the plaintiff, *Morse* for the defendant.